IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES SANFORD, | ) | 2:05-cv-2028-GEB-DAD |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | STATUS (PRETRIAL |
| | ) | SCHEDULING) ORDER |
| SANTABELL, INC. dba Taco Bell, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

The status (pretrial scheduling) conference scheduled in this case for January 23, 2006 is vacated since the joint status report (JSR) submitted by the parties indicates that the following Order should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

All defendants have been served and no further service is permitted, except with leave of Court, good cause having been shown.

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.[1]

<u>DISCOVERY</u>

No modifications of the discovery requirements in the Federal Rules is ordered.

(a)  All discovery shall be completed by August 9, 2007.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

(b)  Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before March 9, 2007, and with the rebuttal expert disclosures authorized under the Rule on or before April 9, 2007.

---

[1]  The statements in the JSR that a party reserves the right "to join a party or amend a pleading" is too imprecise to except the referenced possible amendment from the "good cause" standard.  "Parties anticipating possible amendments . . . have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the . . . timing of such anticipated amendments in their status reports so that the judge can consider whether such amendments may properly be sought solely under the Rule 15(a) standard, and whether structuring discovery pertinent to the parties' decision whether to amend is feasible."  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citation omitted).

[2]  The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

MOTION HEARING SCHEDULE

The last hearing date for motions shall be October 9, 2007, at 9:00 a.m.[3]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf</u>. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence that could not reasonably have been discovered prior to the filing of the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision was manifestly unjust; or

(3)  There is an intervening change in controlling law. A motion for reconsideration based on newly discovered evidence shall set forth, in detail, the reason why said evidence could not reasonably have been discovered prior to the filing of the party's motion or opposition papers.  Motions for reconsideration shall comply with Local Rule 78-230(k) in all other respects.

---

[3]     This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1    The parties are cautioned that an untimely motion

2  characterized as a motion in limine may be summarily denied.  A motion

3  in limine addresses the admissibility of evidence.

4

5                       FINAL PRETRIAL CONFERENCE

6    The final pretrial conference is set for December 10, 2007

7  at 1:30 p.m.  The parties are cautioned that the lead attorney who

8  WILL TRY THE CASE for each party shall attend the final pretrial

9  conference.  In addition, all persons representing themselves and

10 appearing in propria persona must attend the pretrial conference.

11    The parties are warned that non-trialworthy issues could be

12 eliminated sua sponte "[i]f the pretrial conference discloses that no

13 material facts are in dispute and that the undisputed facts entitle

14 one of the parties to judgment as a matter of law."  Portsmouth Square

15 v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

16    The parties shall file a JOINT pretrial statement with the

17 Court not later than seven (7) days prior to the final pretrial

18 conference.[4]  The joint pretrial statement shall specify the issues

19 for trial.  The Court uses the parties' joint pretrial statement to

20 prepare its final pretrial order and could issue the final pretrial

21 order without holding the scheduled final pretrial conference.  See

22 Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

23 requirement that the court hold a pretrial conference.").  The final

24 _____

25    [4]    The failure of one or more of the parties to participate in
26 the preparation of any joint document required to be filed in this case
   does not excuse the other parties from their obligation to timely file
27 the document in accordance with this Order.  In the event a party fails
   to participate as ordered, the party or parties timely submitting the
28 document shall include a declaration explaining why they were unable to
   obtain the cooperation of the other party.

                                  4

pretrial order supersedes the pleadings and controls the facts and
issues which may be presented at trial.  Issues asserted in pleadings
which are not preserved for trial in the final pretrial order cannot
be raised at trial.  Hotel Emp., et al. Health Tr. v. Elks Lodge 1450,
827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
pretrial order are eliminated from the action."); Valley Ranch Dev.
Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
issue omitted from the pretrial order is waived, even if it appeared
in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283
(D.D.C. 1995) (refusing to modify the pretrial order to allow
assertion of a previously-pled statute of limitations defense);
Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)
(indicating that "[a]ny factual contention, legal contention, any
claim for relief or defense in whole or in part, or affirmative matter
not set forth in [the pretrial statement] shall be deemed . . .
withdrawn, notwithstanding the contentions of any pleadings or other
papers previously filed [in the action]").

        If possible, at the time of filing the joint pretrial
statement counsel shall also email it in a format compatible with
WordPerfect to: geborders@caed.uscourts.gov.


                         TRIAL SETTING

        Trial is set for March 11, 2008, commencing at 9:00 a.m.


                        MISCELLANEOUS

        The parties are reminded that pursuant to Federal Rule of
Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall
not be modified except by leave of Court upon a showing of good cause.**

1  **Counsel are cautioned that a mere stipulation by itself to change**

2  **dates does not constitute good cause.**

3        IT IS SO ORDERED.

4  Dated:  January 11, 2006

5

6                          /s/ Garland E. Burrell, Jr.
                           GARLAND E. BURRELL, JR.

7                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28